## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **KRISTINA WHITAKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:14-cv-03571-D** |
| | § | |
| **UNION SECURITY INSURANCE** | § | |
| **COMPANY, et al.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### ANSWER OF DEFENDANTS TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants, Union Security Insurance Company ("USIC") and Disability Reinsurance Management Services, Inc. ("DRMS"),[1] answer Plaintiff's Second Amended Complaint (Doc. 24-1)[2] as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

For answer to the separately enumerated paragraphs of the Complaint, Defendant states as follows:

1. Defendant admits the allegations of ¶ 1 of the Complaint.

2. Defendant admits the allegations of ¶ 2 of the Complaint.

3. Defendant admits the allegations of ¶ 3 of the Complaint.

---

[1] Unless the context otherwise requires, Defendants refer to themselves collectively as "Defendant."

[2] Unless the context otherwise requires, Defendants refer to Plaintiff's Second Amended Complaint as the "Complaint."

4.      Defendant avers that USIC issued its group long-term disability ("LTD") policy no. 70020782 to Plaintiff's former employer, Mesquite Independent School District (the "Policy"). Defendant avers that the terms of the Policy speak for themselves, and, to the extent the allegations contained in ¶ 4 of the Complaint vary therefrom, Defendant denies them. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 4 of the Complaint and, therefore, denies them.

5.      Defendant avers that Plaintiff was paid LTD benefits under the Policy through March 28, 2014. Benefits ceased thereafter inasmuch as Plaintiff's then disability resulted from a "Sickness" rather than an "Injury" as those terms are defined by the Policy. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 5 of the Complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in contained in second sentence of ¶ 6 of the Complaint and, therefore, denies them. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 6 of the Complaint.

7.      Defendant admits that, at the time Plaintiff's benefits were terminated, she had been receiving $1460.93 in LTD benefits per month under the Policy. Defendant avers that the terms of Policy speak for themselves about the maximum benefit period for disabilities resulting from an "Injury," and, to the extent the allegations contained in ¶ 7 of the Complaint vary therefrom, Defendant denies them. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 7 of the Complaint.

8.      Defendant avers that the medical records and reports of Plaintiff's physicians and Dr. Levy speak for themselves, and, to the extent the allegations contained in ¶ 8 of the Complaint differ therefrom, Defendant denies them.

9.      Defendant avers that the medical records and reports of Plaintiff's physicians speak for themselves, and, to the extent the allegations contained in ¶ 9 of the Complaint differ therefrom, Defendant denies them.

10.      Defendant avers that the medical records and reports of Plaintiff's physicians speak for themselves, and, to the extent the allegations contained in ¶ 10 of the Complaint differ therefrom, Defendant denies them.

11.      Defendant avers that the medical records and reports of Plaintiff's physicians speak for themselves, and, to the extent the allegations contained in ¶ 11 of the Complaint differ therefrom, Defendant denies them.

12.      Defendant denies the allegations contained in ¶ 12 of the Complaint.

13.      Defendant denies the allegations contained in ¶ 13 of the Complaint.

14.      Defendant avers that the medical records and reports of Plaintiff's physicians and Dr. Levy speak for themselves, and, to the extent the allegations contained in ¶ 14 of the Complaint differ therefrom, Defendant denies them.  Defendant denies the remaining allegations contained in ¶ 14 of the Complaint.

15.      Defendant avers that Plaintiff's LTD benefits under the Policy ended after five years pursuant to the terms of the Policy.  Defendant further avers that its correspondence with Plaintiff, including the document described in ¶ 15 of the Complaint, speak for themselves, and, to the extent the allegations contained in ¶ 15 of the Complaint differ therefrom, Defendant denies them.

3

16.     Defendant avers that its correspondence with Plaintiff, including the document described in ¶ 16 of the Complaint, the medical report of Dr. Levy, and the Policy, speak for themselves, and, to the extent the allegations contained in ¶ 16 of the Complaint differ therefrom, Defendant denies them.

17.     Defendant avers that the terms of the Policy speak for themselves, and, to the extent the allegations contained in ¶ 17 of the Complaint differ therefrom, Defendant denies them.

18.     Defendant denies the allegations contained in ¶ 18 of the Complaint.

19.     Defendant denies the allegations contained in ¶ 19 of the Complaint.

20.     Defendant avers that its correspondence with Plaintiff's counsel and Plaintiff's counsel's correspondence with it, speak for themselves, and, to the extent the allegations contained in ¶ 20 of the Complaint differ therefrom, Defendant denies them.

21.     Defendant avers that the pleadings and discovery responses speak for themselves, and, to the extent the allegations contained in ¶ 21 of the Complaint differ therefrom, Defendant denies them.  Defendant denies the remaining allegations contained in ¶ 21 of the Complaint.

22.     Defendant avers that the medical records and reports of Plaintiff's physicians speak for themselves, and, to the extent the allegations contained in ¶ 22 of the Complaint differ therefrom, Defendant denies them.

23.     Defendant avers that the pleadings and discovery responses speak for themselves, and, to the extent the allegations contained in ¶ 23 of the Complaint differ therefrom, Defendant denies them.  Defendant denies the remaining allegations contained in ¶ 23 of the Complaint.

24.     Defendant avers that the pleadings, discovery responses and the terms of Policy speak for themselves, and, to the extent the allegations contained in ¶ 24 of the Complaint differ

therefrom, Defendant denies them.  Defendant denies the remaining allegations contained in ¶ 24 of the Complaint.

25-35.  Paragraphs 25-35 assert legal conclusions to which no response is required of Defendant.  To the extent such a response is required, however, Defendant denies the allegations contained in ¶¶ 25-35 of the Complaint.

36.  Defendant avers that the discovery responses speak for themselves, and, to the extent the allegations contained in ¶ 36 of the Complaint differ therefrom, Defendant denies them.  Defendant denies the remaining allegations contained in ¶ 36 of the Complaint.

37.  Defendant denies the allegations contained in ¶ 37 of the Complaint.

38.  Defendant avers that the medical records and reports of Plaintiff's physicians speak for themselves, and, to the extent the allegations contained in ¶ 38 of the Complaint differ therefrom, Defendant denies them.  Defendant also states that ¶ 38 asserts a legal conclusion to which no response is required of Defendant.  To the extent such a response is required, however, Defendant denies the allegations contained in ¶ 38 of the Complaint.

39.  Defendant avers that the medical records and reports of Plaintiff's physicians speak for themselves, and, to the extent the allegations contained in ¶ 39 of the Complaint differ therefrom, Defendant denies them.  Defendant also states that ¶ 39 asserts a legal conclusion to which no response is required of Defendant.  To the extent such a response is required, however, Defendant denies the allegations contained in ¶ 39 of the Complaint.

40.  Defendant denies the allegations contained in ¶ 40 of the Complaint.

41.  Defendant avers that the medical records and reports of Plaintiff's physicians and Dr. Levy speak for themselves, and, to the extent the allegations contained in ¶ 41 of the Complaint differ therefrom, Defendant denies them.  Defendant also states that ¶ 41 asserts a

5

legal conclusion to which no response is required of Defendant.  To the extent such a response is required, however, Defendant denies the allegations contained in ¶ 41 of the Complaint.

42.     Paragraph 42 asserts a legal conclusion to which no response is required of Defendant.  To the extent such a response is required, however, Defendant denies the allegations contained in ¶ 42 of the Complaint.

43-47.  Defendant denies the allegations contained in ¶¶ 43-47 of the Complaint.

48.     Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or any other relief against it whatsoever.

49.     Defendant expressly denies all allegations of the Complaint it has not previously admitted, denied, or qualified.

## THIRD DEFENSE

Plaintiff has failed to satisfy all conditions precedent to continued coverage and entitlement to LTD benefits under the Policy, including, but not limited to, failure to demonstrate that her disability resulted from an "Injury" as that term is defined in the Policy, or, in the alternative, failure to demonstrate that her disability was "not related to any other cause" as that phrase is used in the definition of "Injury" in the Policy.

## FOURTH DEFENSE

Defendant properly and, with a reasonable basis, determined that Plaintiff's entitlement to LTD benefits under the Policy ceased after five years because her disability resulted from a "Sickness" as defined by the Policy.

## FIFTH DEFENSE

Defendant has paid Plaintiff all benefits due as a result of Plaintiff's claim for benefits under the Policy.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of proportionate responsibility/comparative responsibility.  Any recovery by Plaintiff must be reduced by a percentage equal to Plaintiff's percentage of responsibility in accordance with Tex. Civ. Prac. & Rem. Code § 33.001, *et seq*.  Moreover, with respect to responsibility for any damages awarded to Plaintiff (which Defendant denies) pursuant to Tex. Civ. Prac. & Rem. Code § 33.003, Plaintiff's damages, if any, must be reduced to reflect the percentage of responsibility of each claimant, defendant, settling person, and each designated responsible third party herein, if any.

### SEVENTH DEFENSE

Defendant's conduct was not the proximate or producing cause of any loss or injury suffered by Plaintiff.

### EIGHTH DEFENSE

Every act or statement done or made by Defendant and its officers and employees with reference to Plaintiff, if any, was a good faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, inasmuch as Plaintiff has failed to provide sufficient proof of loss under the Policy.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by payment, the applicable statutes of limitations, laches, the doctrines of estoppel, quasi-estoppel, ratification, waiver, accord and satisfaction, release, parol evidence, the statute of frauds, and/or the economic loss rule.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court enter judgment dismissing Plaintiff's Complaint with prejudice, and that it be awarded its costs, its discretionary costs, and all other appropriate relief.

Dated:  June 18, 2015

Respectfully submitted:


By:  _/s/ Amanda D. Cochran_____
S. Russell Headrick
N.D. Tex. Bar. No. 005750TN
rheadrick@lathropgage.com
**Lathrop & Gage, LLP**
2345 Grand Blvd., Suite 2800
Kansas City, MO  64108-2684

Amanda D. Cochran
*Admitted Pro Hac Vice*
acochran@lathropgage.com
**Lathrop & Gage, LLP**
910 E. St. Louis, Suite 100
Springfield, MO  65806

Andrew G. Jubinsky
Tex. Bar No. 11043000
andy.jubinsky@figdav.com


Ryan K. McComber
Tex. Bar No. 24041428
ryan.mccomber@figdav.com
**FIGARI & DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202

ATTORNEYS FOR DEFENDANTS

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

James L. Johnson
jamesljohnson@covad.net
THE JOHNSON LAW FIRM
6500 Greenville Ave., Suite 345
Dallas, Texas 75206

ATTORNEY FOR PLAINTIFF

*/s/ Amanda D. Cochran*
Attorneys for Defendants
Union Security Insurance Company and
Disability Reinsurance Management
Services, Inc.

9