IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTINA WHITAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-3571-D |
| VS. | § | |
| | § | |
| UNION SECURITY INSURANCE COMPANY, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Union Security Insurance Company and Disability Reinsurance Management Services, Inc. move to amend the June 1, 2015 scheduling order by 49 days for designating rebuttal expert witnesses. For the following reasons, the court grants the motion.

I

On November 13, 2014 the court entered the scheduling order in this case. Pertinent to defendants' motion, the court set April 1, 2015 as the deadline for a party with the burden of proof on a claim or defense to designate expert witnesses and otherwise comply with Fed. R. Civ. P. 26(a)(2), and June 1, 2015 as the deadline for a party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" to designate expert witnesses and otherwise comply with Rule 26(a)(2). On April 1, 2015 plaintiff Kristina Whitaker ("Whitaker") disclosed that she had retained Paul Hurd, M.D. ("Dr. Hurd") as a medical expert, and disclosed what he was expected to testify about. Whitaker explained that she was

unable to provide Dr. Hurd's written report because of unexpected delays in obtaining her records from the Medical Center of Plano. Defendants did not receive Whitaker's expert disclosure until April 7, 2015 because she mailed them to an incorrect address for defendants' counsel, thereby delaying receipt for several days.

On April 16, 2015 defendants' counsel advised Whitaker's counsel that her expert witness disclosure was incomplete because it lacked Dr. Hurd's written report. Defendants' counsel agreed to extend the deadline for Whitaker to make her expert witness disclosure if she would advise when she expected to receive her expert's written report and would agree to extend for a comparable period the deadline for defendants to make their rebuttal expert witness disclosure. On April 17, 2015 Whitaker's counsel advised that he did not know when Whitaker would be able to provide Dr. Hurd's signed report, and he declined to agree to a comparable extension of the deadlines. On May 20, 2015—49 days after the April 1, 2015 court-ordered deadline—Whitaker disclosed Dr. Hurd's full report. The same day, defendants' counsel advised Whitaker's counsel that disclosure of the report had been due on April 1, 2015, and again requested an extension to file a rebuttal expert witness disclosure and report.

On May 26, 2015 defendants filed the instant motion to amend scheduling order, requesting that the court grant them a comparable extension and set July 20, 2015 as the rebuttal expert designation deadline. Whitaker opposes this motion, contending that defendants have failed to demonstrate good cause to support a 49-day extension. Whitaker maintains that defendants fail to acknowledge that: (a) Dr. Hurd's expected opinions were

disclosed on April 1; (b) Dr. Hurd's abbreviated report was disclosed on April 8, and was consistent with the opinions disclosed on April 1; (c) defendants were cautioned on April 17 that Dr. Hurd's full report was not expected to differ from the opinions disclosed on April 1; (d) Dr. Hurd's full report was consistent with the opinions disclosed on April 1; and (e) defendants are no strangers to these medical issues, having retained their expert as a consultant over one year ago.

II

A

To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The court assesses four factors when deciding whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)

(Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

1

The court first considers defendants' explanation. Defendants maintain that the scheduling order should be amended because Whitaker did not produce Dr. Hurd's written report until May 20, 2015, 49 days after the court-ordered deadline. They request a comparable 49-day extension in order to have the same amount of time to retain a rebuttal expert witness as they had under the scheduling order. The court finds defendants' explanation to be adequate.

2

Under the second factor, the court considers the importance of the amendment. The court concludes that extending the scheduling order is important because defendants should have the time that the court originally allowed them under the scheduling order to designate expert witnesses and otherwise comply with Rule 26(a)(2).

3

The court next considers as the third factor the potential prejudice to Whitaker in granting defendants' motion. Defendants contend that the requested 49-day extension will not delay the case and that Whitaker will not be prejudiced by an extension. Whitaker does not assert that she will be prejudiced if an extension is granted, and the court finds no such prejudice that would result from the nature and circumstances of defendants' request.

4

The fourth factor is the availability of a continuance to cure such prejudice. Because Whitaker opposes a continuance, this factor does not support granting the motion.

5

Assessing the four factors holistically, the court finds that defendants have shown good cause to amend the scheduling order. In sum, Whitaker effectively received a 49-day extension of the expert designation deadline for reasons that defendants did not oppose. Defendants simply seek a comparable extension for their own designation. Whitaker has not shown that she will suffer prejudice from granting defendants' request. Indeed, it is not apparent to the court why it was even necessary for defendants to file this motion.

* * *

For the reasons explained, the court grants defendants' May 26, 2015 motion to amend scheduling order. It extends until July 20, 2015 the deadline for a party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" to designate expert witnesses and otherwise comply with Rule 26(a)(2).

**SO ORDERED**.

June 25, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE